UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

GRANITE CITY, INC.,
a Michigan corporation

Plaintiff,

v.                                                    Case No.
                                                      Hon.
GRANITE CITY TOPS, INC.,                              Magistrate
a Michigan corporation, and
VENSENT MOUSA, jointly and severally,

Defendants.
_____/
JAMESON & LANGLOIS, P.C.
Joseph L. Langlois (P43050)
Attorneys for Plaintiff
11843 E. 13 Mile Road
Warren, MI 48093
(586) 795-0787
langlois@jlpclaw.com
_____/

COMPLAINT
(And Jury Demand)

Plaintiff, Granite City, Inc., states:

NATURE AND BASIS OF ACTION

1.  This is an action by Granite City, Inc., a Michigan corporation, against Granite City Tops, Inc., a Michigan corporation and Vensent Mousa, an individual, jointly and severally, for unfair competition, violation of the Michigan Consumer Protection Act, trademark infringement, and cyber-piracy. GRANITE CITY seeks injunctive relief and damages for unfair competition under state common law, for violation of the Michigan Consumer Protection Act ("MCPA"), MCL §445.901, et seq., for trademark infringement under Section 32 of the Trademark Act of 1946, as amended, 15 U.S.C. §1114 ("the Lanham Act"), for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(c) and under federal common law.

## THE PARTIES

2. Granite City, Inc. is a Michigan corporation with a principal place of business in Livonia, Michigan (hereinafter "PLAINTIFF").

3. Granite City Tops, Inc. is, upon information and belief, a Michigan corporation with a principal place of business at 24008 Haggerty Rd., Farmington Hills, MI 48335 (hereinafter "DEFENDANT TOPS").

4. Vensent Mousa is, upon information and belief, a Michigan resident and serves as officer, director and primary shareholder of Granite City Tops, Inc. (hereinafter "DEFENDANT MOUSA").

5. Both DEFENDANT TOPS and DEFENDANT MOUSA shall hereinafter be referred to as "DEFENDANTS" when being jointly referenced.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction pursuant to 15 U.S.C. §1121, and 28 U.S.C. §1331, as this case arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).  Personal jurisdiction in this district is proper inasmuch as DEFENDANTS, upon information and belief, have solicited and conducted business within the State of Michigan, thereby purposely availing itself of the privilege of acting in the State of Michigan.

7. Pendent or supplemental jurisdiction o this Court exists for the state law claims stated herein, each of which arises out of a common nucleus of operative facts with those from which the federal claims arise.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

9. PLAINTIFF was founded in February 2009 by its founder, Ervin Sulollari ("Sulollari").

10. PLAINTIFF specializes in the production and installation of high quality marble and granite counter tops.

11. PLAINTIFF filed Articles of Incorporation with the state of Michigan under the name "Granite City, Inc."

12. PLAINTIFF has been using the tradename "Granite City" in conjunction with its business continuously in commerce since its founding.

13. PLAINTIFF's customers are primarily located in southeast Michigan, but have sold products to customers in Toledo, Ohio.

2

14. DEFENDANT TOPS filed Articles of Incorporation with the State of Michigan on or about January 23, 2013, under the name "Granite City Tops, Inc.".

15. The Articles of Incorporation of Granite City Tops, Inc. was apparently filed by Lwees Mousa and DEFENDANT MOUSA.

16. Upon information and believe, DEEFENDANT TOPS also filed Articles of Incorporation in the State of Ohio on or about November 6, 2014, under the name "Granite City Tops, Inc.".

17. Upon information and believe, DEFENDANT MOUSA operated a granite counter top business in 2005 under a different business name and location.

18. Upon information and believe DEFENDANT MOUSA started using the name "Granite City Tops, Inc." to directly complete and take away business from PLAINTIFF.

19. Upon information and belief, DEFENDANT TOPS started operating under the name "Granite City Tops, Inc." in a location in Farmington Hills not far from PLAINTIFF'S location in Livonia.

20. On or about January 30, 2015, PLAINTIFF was alerted to the fact that of the existence a gentleman called PLAINTIFF'S store inquiring why they were late in the installation of a countertop. Once this person realized PLAINTIFF was "Granite City, Inc." and not "Granite City Tops, Inc." he apologized for calling the wrong company.

21. On or about February 6, 2015, a gentleman came into the store to place an order for a granite countertop and then realized after he had placed the order that he was at the "wrong" company and thought PLAINTIFF was DEFENDANT TOPS instead.

22. On or about February 23, 2015, a gentleman called PLAINTIFF'S inquiring when his countertop would be ready. After a discussion of who the gentleman had previously talked to about the order, he realized he had placed the order with DEFENDANT TOPS as opposed to PLAINTIFF.

23. In January 2015, DEFENDANT TOPS placed a very similar advertisement as had been previously placed by PLAINTIFF, including listing Granite for "as low as $29.99/SQ. FT." compared to PLAINTIFF'S advertisement which included "GRANITE Starting at $29.99/sq. ft.", as well as other similarities.

24. DEFENDANT TOPS utilizes the domain name www.granitecitytops.com as its domain name.

25. Upon information and belief, DEFENDANT TOPS sells and installs granite countertops and similar and related products to the same customer base as PLAINTIFF.

3

26. Alerted to the DEFENDANT TOPS existence and its website, PLAINTIFF acted promptly to protect its trademark rights. PLAINTIFF immediately filed its own trademark applications for "GRANITE CITY", sent a ceases and desist letter to DEFENDANT TOPS, and commenced preparation for the filing of complaint for trademark infringement and related claims.

COUNT I

(FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER §43(a) OF THE LANHAM ACT)

27. PLAINTIFF incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

28. The PLAINTIFF marks, as more fully described above, are well established marks that serve to identify the goods and services sponsored, approved by, authorized by, associated with, or affiliated exclusively with the PLAINTIFF marks of GRANITE CITY, INC., which has an exceptional reputation in the industry.

29. As evidenced by the PLAINTIFF'S continued and exclusive use since early 2009, PLAINTIFF's marks have acquired distinctiveness among purchasers of granite countertops and related products within the southeast Michigan area.

30. Upon information and belief, prior to the use of the name "Granite City Tops, Inc.", DEFENDANTS had actual and constructive knowledge of the use and ownership by PLAINTIFF of the GRANITE CITY marks and were aware of the advertising and promotional activities sponsored by PLAINTIFF.

31. DEFENDANTS, in connection with granite countertops and related products, have used and continue to use, and has expressed an intent to expand, their use of the GRANITE CITY marks in a manner which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of DEFENDANT TOPS with PLAINTIFF, and to the origin, sponsorship, or approval of DEFENDANT TOPS' goods, services, and/or commercial activities of PLAINTIFF.

32. The DEFENDANTS' use of the GRANITE CITY marks constitutes false designations of origin, false descriptions and false representations in interstate commerce in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

4

33. As a proximate result of DEFENDANTS' actions, PLAINTIFF has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its tradename and trademarks. The injury is and continues to be ongoing and irreparable.

34. An award of monetary damages alone cannot fully compensate PLAINTIFF for its injuries and PLAINTIFF lacks an adequate remedy at law.

COUNT II

(VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (CYBERPIRACY)

UNDER 15 U.S.C. § 1125(d)

35. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

36. As alleged above, DEFENDANT TOPS uses the domain name www.granitecitytops.com (hereinafter the "Infringing Domain Name") which is very similar to PLAINTIFF'S marks and its own domain name www.granitecitymi.com.

37. DEFENDANTS have registered and are using the Infringing Domain Name without PLAINTIFF'S authorization and with a bad faith intent to profit from PLAINTIFF'S marks and own tradename and domain name in violation of 15 U.S.C. § 1125(d).

38. PLAINTIFF'S marks were distinctive at the time DEFENDANTS registered the Infringing Domain Name and remain distinctive today.

39. The Infringing Domain Name was confusingly similar to PLAINTIFF'S marks at the time DEFENDANTS registered the Infringing Domain Name, and they remain so today.

40. DEFENDANTS did not believe or could not reasonably have believed their use of the Infringing Domain Name constituted fair use or was otherwise lawful.

41. As a result of DEFENDANTS' wrongful registration and use of the Infringing Domain Nam, PLAINTIFF has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by PLAINTIFF in its marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which PLAINITFF has not adequate remedy at law. PLAINTIFF will continue to suffer irreparable harm unless this Court enjoins DEFENDANTS' conduct and orders that the Infringing Domain Name be transferred to PLAINTIFF.

COUNT III

(STATE UNFAIR COMPETITION – MICHIGAN COMMON LAW)

42. PLAINTIFF incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

43. By their acts alleged herein, DEFENDANTS have engaged in trademark infringement and unfair competition under the common law of the State of Michigan.

44. DEFENDANTS' use of the mark "GRANITE CITY" in the name of its entity "Granite City Tops, Inc.", and on its website, advertisements, marketing materials, etc., is identical to PLAINTIFF's mark and tradename of "GRANITE CITY".

45. DEFENDANTS have intentionally deceived the public by misrepresenting that DEFENDANTS products being offered for sale are products are those of PLAINTIFF's, thereby appropriating to DEFENDANTS the reputation PLAINTIFF has acquired for its own products.

46. Upon information and belief the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

47. By reason of the acts of DEFENDANTS alleged herein, PLAINTIFF has suffered, is suffering and will continue to suffer irreparable damage and, unless, said DEFENDANTS are restrained from continuing its wrongful acts, the damage will be increased.

48. PLAINTIFF has no adequate remedy at law.


COUNT IV

(COMMON LAW INJUNCTION)

49. PLAINTIFF incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

50. DEFENDANT TOPS is clearly infringing on PLAINTIFF's use of the GRANITE CITY tradename and mark.

51. PLAINTIFF has suffered substantial damages as a proximate result of DEFENDANT TOPS illegal use of the GRANITE CITY mark.

52. PLAINTIFF has been irreparably harmed by DEFENDANT TOPS infringement and has no adequate remedy at law.

COUNT V

<u>(VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT ("MCPA")</u>

53. PLAINTIFF incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

54. DEFENDANTSs sale of its products constitutes "trade or commerce" within the meaning of 445.902(1)(g) of the Michigan Consumer Protection Act ("MCPA"), MCL §445.901, et seq.

55. DEFENDANTSs actions as set forth above have and are causing confusion or misunderstanding as to the source, sponsorship, approval and/or certification of goods or services within the meaning of the MCPA, MCL §445.903(1)(a).

56. PLAINTIFF has suffered substantial damages as a proximate result of DEFENDANTS actions.

57. PLAINTIFF has been irreparably harmed by DEFENDANTS actions and has no adequate remedy at law.

58. PLAINTIFF is entitled to statutory damages and attorney fees.

<u>PRAYERS FOR RELIEF</u>

**WHEREFORE,** PLAINTIFF respectfully requests that this Court:

A.  Enter judgment that DEFENDANTS have used false designations of origin, false descriptions, and false representations, in bad faith and in willful violation of 15 U.S.C. §1125(a); and with bad faith intent to profit from PLAINTIFF's GRANITE CITY marks, has registered, trafficked in, and used, a domain name identical, dilutive or confusingly similar to PLAINTIFF's GRANITE CITY marks in violation of 15 U.S.C. §1125(d).

B.  Award actual or statutory damages for DEFENDANT TOPS and DEFENDANT MOUSA'S violation of 15 U.S.C. §1125(d)(1) in an amount of not less than $1,000.00 and not more than $100,000 per domain name, as the court considers just.

C.  Enter an order pursuant to 15 U.S.C. §1125(d)(IX)(ii)(c) that DEFENDANT TOPS forfeit, cancel or transfer the domain name "granitecitytops.com" to PLAINTIFF.

D.  Issue a preliminary injunction and thereafter a permanent injunction under 15 U.S.C. §1116(a) ordering DEFENDANT TOPS and DEFENDANT MOUSA and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, to refrain from using, authorizing or employing the name or mark "GRANITE CITY" or any colorable imitation of PLAINTIFF's GRANITY CITY marks, including without limitation the use of the mark "GRANITE CITY" and "GRANITE CITY, INC." and to file with the court and serve on the PLAINTIFF within thirty (30) days of service on DEFENDANT TOPS and DEFENDANT MOUSA of such injunction a report in writing under oath setting forth in detail the manner and form in which DEFENDANTS have complied with the injunction.

E.  Issue an order under 15 U.S.C. §1118 ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of DEFENDANTS bearing the registered marks or colorable imitation of such marks, shall be delivered and destroyed.

F.  Enter judgment that DEFENDANTS use of PLAINTIFF's GRANITE CITY marks violates the Michigan Consumer Protection Act, and award all damages, including costs and reasonable attorney fees, as authorized by that Act.

G.  Such other and further relief as this Court deems appropriate.

<u>JURY TRIAL DEMAND</u>

Pursuant to Fed R. Civ. P. 38(b) and 5(d), PLAINTIFF demands a jury trial of all issues triable by jury.


Dated this April 24, 2015.


<u>/s/Joseph L. Langlois</u>
Jameson & Langlois, P.C.
Attorney for the Plaintiff
11843 E. Thirteen Mile Road
Warren, MI 48093
(586) 795-0787
e-mail:  langlois@jlpclaw.com
P43050